**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000451**
**29-JUN-2012**
**08:36 AM**

NO. CAAP-11-0000451


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
LISA ANN PALI, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 05-1-0366(2))


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Lisa Ann Pali (Pali) appeals from the "Order Denying Defendant's Motion for an Order of Expungement Pursuant to [Hawaii Revised Statutes (HRS)] §706-622.5(4)" entered on May 11, 2011 by the Circuit Court of the Second Circuit (circuit court).[1]

On appeal, Pali argues that the circuit court erred in denying her "Motion for an Order of Expungement Pursuant to HRS §706-622.5(4)" (Motion) (1) based on a "hyper-technical" construction of HRS § 706-622.5(4)[2] that disregards the statute's

---

[1]     The Honorable Shackley F. Raffetto presided.

[2]     HRS § 706-622.5(4) (2011 Supp.) provides:

>       (4)  The court, upon written application from a person sentenced under this part, shall issue a court order to expunge the record of conviction for that particular offense; provided that a person has successfully completed the substance abuse treatment program and complied with

(continued...)

plain meaning and underlying legislative intent; (2) in violation of her due process rights, since she had already been discharged from probation, with which she was found to be compliant; and (3) where the court lacked jurisdiction, since her probation term had ended. She also contends that the circuit court plainly erred by denying the Motion based on a clearly erroneous finding of fact that she accrued criminal convictions during the probation period.

The State agrees that the Circuit Court erred in denying the Motion because construing HRS §§ 706-622.5(4) and -630[3] together, when Pali's probation period ended she had "'satisfied' the disposition of the court" by law and, by extension, complied with the "other terms and conditions of probation" required for an order of expungement.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pali's points of error as follows:

(1) Pursuant to the plain language of HRS §§ 706-622.5(4), to obtain an expungement of a record of conviction by the court, the movant must complete her "substance abuse treatment program and comply with other terms and conditions of

---

[2](...continued)
other terms and conditions of probation. A person sentenced to probation under this section shall be eligible for one time only for expungement under this subsection.

[3]     HRS § 706-630 (2011 Supp.) provides:

Upon the termination of the period of the probation or the earlier discharge of the defendant, the defendant shall be relieved of any obligations imposed by the order of the court and shall have satisfied the disposition of the court, except as to any action under this chapter to collect unpaid fines, restitution, attorney's fees, costs, or interest.

probation."[45]  Thus, the Circuit Court's denial of Pali's Motion because it appeared that Pali was convicted multiple times for criminal offenses during her probationary period, was consistent with the plain language of the statute.

We do not read HRS §706-630 as mandating a contrary result.  HRS § 706-630 governs the *probationer's* future obligations after the probation sentence has been completed.  It does not, by its terms, address the expungement of the record of that sentence by the court or whether the probationer complied with the conditions of probation.

(2)  Pali's second argument, that denying her Motion after her discharge from probation and designation as "probation compliant" was a violation of due process because it deprived her of proper notice that the State would "be challenging expungement at a later date or that her original sentence might be modified" is without merit.  The State did not seek revocation of Pali's probation, nor did it seek to modify its terms after Pali's probation had ended.  Pali presents no authority for the proposition that the State must raise any violation of probation, *for the purposes of expungement*, in advance of the filing of a motion to expunge.

Pali maintains that the probation department "had earlier made the opposite finding--that [Pali] was in compliance with her probation requirements[.]"  However, a careful reading of the "Certificate of Discharge" filed in this case contains no such finding.  Rather, it states only that Pali "having completed the period of probation . . . shall be relieved of any

---

[4]  The first term and condition of Pali's probation was that she "must not commit another federal or state crime during the time of probation."

[5]  Pali attached a letter from Aloha House attesting to her completion of the program to her Motion.

3

obligations imposed by the order of the court and shall have satisfied the disposition of the court[.]"

(3) Based on her argument that, as her sentence was imposed "pursuant to HRS Section 706-622.5" she became eligible for expungement so long as she completed her substance abuse treatment and was "probation-compliant" Pali maintains that the adjudication of a violation of probation for the purposes of expungement constitutes a modification of her sentence of probation and as her probationary term had elapsed, the Circuit Court lacked jurisdiction to consider whether she violated the terms of her probation. This argument is also without merit. Although Pali was sentenced under HRS § 706-622.5, that did not convert the expungement subsection into a term of her probation nor make it subject to revocation or modification procedures.

Finally, Pali argues that the Circuit Court committed plain error when it found she had been convicted of multiple crimes during her period of probation because this finding, in her view, was not supported by substantial evidence. The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (quoting State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998)).

The record reveals that, the State represented to the Circuit Court that Pali had been convicted of five crimes during her probationary period, based on a review of a computerized database. Subsequent to the State's representation, Pali did not present contrary evidence as movant but instead argued that despite these convictions during her probation, she had

4

successfully completed her probation.  We decline to find plain error was committed here.

Therefore,

IT IS HEREBY ORDERED that the May 11, 2011 "Order Denying Defendant's Motion for an Order of Expungement Pursuant to HRS §706-622.5(4)," entered by the Circuit Court of the Second Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, June 29, 2012.

On the briefs:

Summer M.M. Kupau
Deputy Public Defender,
for Defendant-Appellant.

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge